MILLS, Acting Chief Judge.
We are called upon to determine whether the residuary and general beneficiaries under a will are required to compensate the specific beneficiaries for loss of one-third of their specific bequests due to election of dower by the widow. The trial court answered affirmatively on authority of In re Malone’s Estate, 54 So.2d 248 (Fla.1951), and Section 734.06, Florida Statutes (1971). We reverse.
James Elbert Churchwell died on 30 June 1972. His will was admitted to probate on 6 July 1972. The will specifically left nothing to his widow but recognized that she could elect to receive dower. The will gave certain corporate stock to H. Paul Church-well (appellee) and others, gave specific sums of money to Doris Roberts (appellant) and others, and made Clara White (appellant) and others residuary beneficiaries.
The widow elected to take dower and pursuant to agreement by all of the benefi- *971 eiaries the court assigned and distributed to her one-third of all the land, cash and personal property in the estate. As a result, the appellee lost one-third of the specific bequest made to him and he petitioned the court to distribute to him from the residuary estate sufficient assets to compensate him for the loss. The court granted the petition subject to a subsequent hearing to determine the amount and source of contributions to be made to appellee.
Whether a residuary or general beneficiary should compensate a specific beneficiary for loss caused by an election of dower depends on the intention of the testator. 36 A.L.R.2d 325.
The testator Churchwell intentionally made no provision for his wife in his will but specifically stated that he was aware that she could elect to receive dower. It is presumed that he knew that if she elected to take dower she would receive one-third of all the land, money and personal property left by the estate. Nevertheless, with this knowledge he manifested no intention that the specific gifts made by him were to be paid in full in preference to the general gifts and the gifts provided for in the residuary clause. We have no authority to remake the decedent’s will. We have no authority to take property from one beneficiary and give it to another. Particularly is this true where the loss complained of by appellee was brought about by the widow’s election to take dower, a loss for which appellants were in no way responsible.
It is difficult to perceive a theory of equity which would hold a residuary beneficiary liable for such a loss.
The election by a widow to take dower does not affect the provisions of the will as to the portions of the estate left after the widow’s dower has been set apart. The order of priority among the beneficiaries will remain as though the widow did not elect to take dower. Murphy v. Murphy, 125 Fla. 855, 170 So. 856 (1936).
If we were to require the residuary and general beneficiaries to compensate the specific beneficiaries for the losses they sustained due to the widow’s election of dower, the residuary and general estates left by the will would be destroyed and the intent of the testator frustrated. This is so because after distributing dower to the widow, distributing and paying the specific bequests in full, and paying taxes, costs and attorneys’ fees the assets of the estate will be exhausted.
The trial court misconstrued the Malone case. It merely holds that where a widow’s election of dower diminishes the shares of other beneficiaries under the will, a gift made to the widow under the will will be appropriated for the benefit of the disappointed beneficiaries. See also 36 A.L.R.2d 306. No such situation exists in the case before us.
The trial court misapplied Section 734.06. The abatement provisions are not applicable where a widow takes dower. They are applicable only in the instances specified in Section 734.06 and where the assets of the testate estate are insufficient to make full payment. The contribution provisions are not applicable here because the assignment of dower is not a sale or taking by the personal representative nor do the provisions apply to other than one class of beneficiaries. In this case, three classes of beneficiaries are involved.
Although the legislature abolished dower in 1975, it was in effect at the time of the testator’s death.
The order appealed is reversed and this case is remanded to the trial court for further action consistent with the views expressed herein.
BOOTH, J., concurs.
ERVIN, J., specially concurs.